**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| LARKEN SWICORD, a minor, by her | : | |
| next friends, BLAKE SWICORD, and | : | |
| LARA SWICORD, individually and as | : | |
| her natural parents, | : | |
| | : | |
|     Plaintiffs, | : | |
| | : | |
| v. | : | Case No.: 5:09-CV-148 (HL) |
| | : | |
| WAL-MART STORES, INC., | : | |
| WAL-MART STORES EAST, INC., | : | |
| WAL-MART STORES EAST, LP, | : | |
| LEE'S SUNSHINE ENTERPRISES, INC., | : | |
| and SUNSHINE COMPANIES OF | : | |
| AMERICA, INC., | : | |
| | : | |
|     Defendants. | : | |

## ORDER

This matter comes before the Court on the Plaintiffs' Motion to Remand
(Doc. 6) and Brief in Support (Doc. 7) (together, the "Motion") filed on May 20,
2009.  This Motion is filed in response to the Notice of Removal (Doc. 1) (the
"Notice") filed by Wal-Mart Stores, Inc., Wal-Mart Stores East, Inc., and Wal-Mart
Stores East, LP, (the "Wal-Mart Defendants").[1]  For the reasons set out below,
the motion is granted.

---

[1] The Wal-Mart Defendants state that they are improperly named as Wal-Mart
Stores, Inc. and Wal-Mart Stores East, Inc.

1

## I. FACTUAL BACKGROUND

Plaintiffs allege that Larken Swicord was injured when she fell from a video game machine located on the Wal-Mart Defendants' property.  When she fell from the machine, Larken Swicord struck her head and suffered closed head injuries and a number of post traumatic seizures.

Plaintiffs filed suit in the State Court of Baldwin County, Georgia, against Lee's Sunshine Enterprises, Inc., Sunshine Companies of America, Inc. (the "Sunshine Defendants") and the Wal-Mart Defendants (together, the "Defendants").  In their complaint, the Plaintiffs seek an unspecified sum in damages, but claim that they have incurred medical expenses in excess of $7,000, and that they will continue to incur medical bills in the future.

The Wal-Mart Defendants filed their answer on September 22, 2008.[2] Along with their answer, the Wal-Mart Defendants served Plaintiffs with several requests for admission, in which they asked the Plaintiffs to admit that they were not entitled to, nor were they seeking to recover, an amount of damages in excess of $75,000.  On November 10, 2008, the Plaintiffs denied the Wal-Mart Defendants requests for admission (the "Plaintiffs' denials").  After engaging in more discovery, on March 19, 2009 the Plaintiffs sent a settlement letter to the Defendants in which the Plaintiffs offered to settle all claims against the

---

[2] Pursuant to an extension granted by the Plaintiffs, the Sunshine Defendants did not file their answer on October 24, 2008.

Defendants for $85,000.

After receiving this letter, the Wal-Mart Defendants filed its Notice on April 20, 2009.  In the Notice, the Wal-Mart Defendants stated that federal jurisdiction is appropriate in this case because all Defendants are diverse from all Plaintiffs (an assertion that the Plaintiffs do not dispute), and the amount in controversy is over $75,000.  On May 20, 2009, the Plaintiffs filed their Motion to Remand. Plaintiffs state they are entitled to have the case remanded to the State Court of Baldwin County, Georgia because the Wal-Mart Defendants failed to timely file their Notice.

## II.  DISCUSSION

A defendant may remove state court proceedings over which a federal court could exercise jurisdiction to the United States District Court for the district and division embracing the place where the action is pending by filing a notice of removal which contains a short and plain statement of the grounds for removal. 28 U.S.C. §§ 1441(a), 1446(a).  A removing defendant must file its notice of removal within thirty days of the initial pleading if the initial pleading provides a basis for federal jurisdiction.  Id. at § 1446(b).  If the initial pleading does not provide a basis for federal jurisdiction, then a removing defendant must file its notice of removal within thirty days after receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  Id.  A removed plaintiff may

3

file a motion to remand an action to the state court in which it originated within 30 days of the filing of the notice of removal.  Id. at § 1447(c).

In a case, such as this one, where the damages are unspecified, the removing party bears the burden to establish, by preponderance of the evidence, that the jurisidictional amount has been satisfied.  Lowery v. Alabama Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).  Additionally, the removal statute is to be strictly construed, Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108, 61 S.Ct. 868, 872 (1941), and when the plaintiff and defendant clash about jurisidiction, uncertainties are resolved in favor of remand.  Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

In this case, the Plaintiffs prayed for an unspecified amount of damages in their complaint.  In fact, the only information provided in the complaint regarding damages was the allegation that the Plaintiffs have incurred medical expenses in excess of $7,000.  This allegation of damages does not provide enough information to be able to ascertain that the amount in controversy is sufficient for federal diversity of citizenship jurisdiction.  The Plaintiffs argue that the Plaintiffs' denials constitute "other paper from which it may first be ascertained that the case is one which is or has become removable," and that the Wal-Mart Defendants should have filed the Notice within thirty days of receipt of the Plaintiffs' denials.  The Defendants argue, however, that they could only ascertain that the case had become removable after receiving the Plaintiffs' offer of

4

settlement five months later. Thus, the issue in this case is whether the

Defendants could ascertain that this case was removable upon receipt of the

Plaintiffs' denials.

Courts have routinely held that requests for admission are "other papers"

for the purposes of ascertaining that a case has become removable. Lowery, 483

F.3d at 1213 n. 62; Wilson v. General Motors Corp., 888 F.2d 779, 782 (11th Cir.

1989); Robinson v. GE Capital Mortgage Servs., 945 F.Supp. 1516, 1518 (M.D.

Ala. 1996); Lee v. Altamil Corp., 457 F.Supp. 979, 981 (M.D. Fla. 1978). In fact,

in Robinson v. GE Capital, a case with facts nearly identical to this case, the

court held that the defendants could ascertain that the case was removable upon

receipt of the plaintiff's denials of the defendants' requests for admission.[3]

Robinson, 945 F.Supp. at 1518.

In Robinson, the plaintiff filed suit against the defendants asking for an

unspecified amount of damages. Id. at 1517. The only information pertaining to

money damages involved one count of the plaintiff's five-count complaint wherein

the plaintiff alleged that he had sustained damages of $1,555 due to the

defendants' breach of contract. Id.

As in this case, the defendants in Robinson served requests for admission

_____

[3] 28 U.S.C. § 1447(d) states that remand orders are not reviewable on appeal. As a result, there is very little circuit authority on the matter, so this Court must look to the decisions of other district courts for assistance.

5

on the plaintiff asking him to admit that the full measure of his damages was less than the jurisdictional amount and that the plaintiff could not recover more than the jurisdictional amount.[4]  Id.  The plaintiff denied both of these requests. Id.  The defendants, upon receipt of these denials, filed a notice of removal, arguing that the plaintiff's denials of the requests for admission constituted the first "other paper" received by the defendants that allowed them to ascertain that the amount in controversy exceeded the $50,000 requirement and was thus removable.  Id.  The plaintiff filed a motion to remand, stating that the defendants should have removed the case after service on the defendants of the complaint. Id. at 1517-18.

The Robinson court held that, because the complaint contained an unspecified amount of damages, the defendant could not ascertain from the complaint that the case was removable.  Id. at 1518.  Only after the defendants received the plaintiff's responses to the requests for admission could ascertain that the case was removable.  Id.  As the court stated, because the plaintiff "claimed damages in an unspecified amount, the Responses [to the requests for admission] told the Defendants for the first time that the Plaintiff was seeking more than $50,000 in damages." Id.  Therefore, the notice of renewal, being filed within thirty days of the defendants' receipt of the responses to the requests for

_____

[4]  At the time, the jurisdictional amount for diversity of citizenship jurisdiction was $50,000.  Robinson, 945 F.Supp. at 1518.

admission, was timely.  Id.  See also Williams v. Wal-Mart Stores, Inc., 534

F.Supp.2d 1239, 1244 (M.D. Ala. 2008)("Instead, the court agrees with Wal-Mart

that its . . . removal notice meets . . . [the] 30-day requirement because it did not

learn that the amount in controversy was greater than $75,000 until it received

responses to its requests for admissions . . . .").

     The facts of this case closely resemble from those of Robinson except in

one critical respect.  Here, rather than file the Notice upon receipt fo the Plaintiffs'

denials, the Defendants waited an additional five months to file the Notice,

despite the fact that they could ascertain that the case was removable upon

receipt of the Plaintiff's denials.  The appropriate time, then, to file the Notice was

thirty days after the Defendants received the Plaintiffs' denials.  By the time the

Defendants received the Plaintiffs' letter regarding settlement on March 19, 2009,

the thirty day deadline to file a notice of renewal had long since run.  Thus, the

notice of renewal was not timely filed.

## III. Conclusion

     The Wal-Mart Defendants failed to file their notice of removal before the

expiration of the thirty day deadline in § 1446(b).  Therefore, the Plaintiff's Motion

to Remand is granted.

**SO ORDERED**, this the 22nd day of September, 2009.


/s/ Hugh Lawson
HUGH LAWSON, JUDGE

jch